UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| TERESA LINK<br>Plaintiff,<br><br>v.<br><br>RECOVERY SOLUTIONS GROUP, L.L.C.<br>Defendant. | Case No.:<br>Hon. |

## COMPLAINT

## JURISDICTION

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d) and this court has the power to exercise supplemental jurisdiction over the state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and violations of the Michigan Regulation of Collection Practices Act.

3. Venue is proper because the acts and transactions occurred in Montrose, Michigan ("here"), Plaintiff resides here, Plaintiff was sent letters to collect a debt in here, and Defendant transacts business here.

4. Plaintiff Teresa Link is a natural person who at all relevant times resided in Michigan and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and MCL § 339.901(f).

5. Defendant Recovery Solutions Group, L.L.C. (hereinafter "RSG") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a collection agency as that term is defined by the MCL § 339.901(b).

## FACTUAL ALLEGATIONS

6. On information and belief, Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes based upon an alleged debt to Serv-Pro that went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and MCL § 339.901(a).

7. In October 2016, plaintiff's boyfriend, Bob Norton, was called by an agent of defendant alleging that he was a private investigator looking for plaintiff because she had gotten an inheritance.

8. Bob gave the investigator plaintiff's number and the investigator called plaintiff representing that he was a private investigator.

9. He then told plaintiff that he was looking for her because he was hired by a collection agency and that he would be driving by her house to see what plaintiff had to sell.

10. Plaintiff said that defendant could not do that but the investigator said legally he could.

11. The 'investigator' then gave a phone for plaintiff to call and highly recommended that she call it right away.

12. Plaintiff then called the number and a woman, agent of defendant, answered.

13. The woman said that she was a lawyer representing a company that owned a local Serv-Pro and that plaintiff owed money related to an insurance claim payment to that company.

14. Plaintiff told the agent that she {plaintiff} was not working and that Serve-Pro had not properly charged for the services and that plaintiff had fired Serv-Pro because it's workers were spending time doing things they were instructed not to do in order to raise the bill and get more money.

15. Defendant's agent then, in a very loud voice, threatened plaintiff that she was going to call the insurance commissioner and have plaintiff arrested for insurance fraud and if convicted plaintiff would spend time in prison.

16. Defendant's agent then said plaintiff had 24-hours to pay the debt and insisted that plaintiff was going to pay, representing such about three times.

17. Defendant's agent claimed that plaintiff's dispute did not matter and that she {plaintiff} had to pay up and that plaintiff should borrow the money from relatives.

18. Plaintiff does not have any relatives to assist her.

19. During the call and after the threat of arrest, plaintiff began crying.

20. Mr. Norton heard what had happened and quickly called plaintiff's good friend in West Virginia, Trina Norton, not related to Mr. Norton, to call plaintiff to calm her down.

21. Plaintiff then received a call from Trina Norton and talked to plaintiff for about 45 minutes.

22. Nonetheless, plaintiff was significantly shaken by defendant's threats and demands.

23. Plaintiff never received the 1692g notice within five days of first discussing the account with defendant.

## CAUSES OF ACTION
### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. Defendant violated 15 U.S.C. § 1692 e (10) when it's agent falsely represented directly or indirectly to plaintiff that the collector was an attorney, that she was going to be arrested, that she could call the insurance commissioner and have plaintiff arrested, and that she could go to prison for the acts she took in the past.

27. Defendant violated 15 U.S.C. § 1692e2(3) because it's agent represented that she was an attorney when she was not.

28. Defendant violated 15 U.S.C. § 1692e(5) when it threatened to report plaintiff to an insurance commissioner because either 1) it cannot legally take such an action or 2) it never intended that action to be taken.

29. Defendant violated 15 U.S.C. § 1692e(5) when it threatened to have plaintiff arrested for insurance fraud when it either 1) could not legally take such an action or 2) it never intended to take such an action.

30. Defendant violated 15 U.S.C. § 1692e(7) when it falsely represented or implied that the plaintiff had committed a crime.

31. Defendant violated 15 U.S.C. § 1692g(a) when it failed to send the communications required under this section within five days of the first communication with plaintiff.

32. Plaintiff suffered significant emotional stress which manifested itself through crying, tears, breathing hard, talking out of her head, mumbling and rambling on which was observed by her boyfriend.

33. Her boyfriend, Robert Norton thought plaintiff was going to have a nervous breakdown which is why he called plaintiff's close friend to talk to her.

34. Plaintiff was damaged as a result of Defendant's acts because the representations by defendant made her scared, nervous, anxious, worry, and caused her to cry.

35. The most recent attempt to collect a debt was within the past year.

36. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT II.
## VIOLATIONS OF THE OCCUPATIONAL CODE ("MOC")
## MCL § 339.901 et seq.

37. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

38. Sending letters asserting amounts owed are communications under MCL § 339.901(d) because each and every act conveyed information regarding a debt, directly or indirectly, to a person through any medium.

39. Defendant violated MCL § 339.915(a) because a collector falsely represented that she was an attorney when she was not.

40. Defendant made inaccurate, misleading, untrue, or deceptive statements or claims in communication(s) to collect a debt when it's agent represented that she was an attorney when she was not in violation of MCL § 339.915(e).

41. Defendant made inaccurate, misleading, untrue, or deceptive statements or claims in communication(s) to collect a debt when it's agent represented that she would or could contact an insurance commissioner to have plaintiff arrested and charged criminally with fraud in violation of MCL § 339.915(e).

42. The above violations were willful because defendant collects on these types of debts as a matter of course and 1) on information and belief does not review calls made by its

agents to see if violations of the law are occurring and 2) the violations are severe and multiple in nature meaning it was not an accident that this occurred.

43. Plaintiff suffered loss because of defendant's actions.

44. Plaintiff seeks the greater of not less than five times actual damages under MCL § 339.916(2) or $50 per violation or $150 per willful violation of the Michigan Occupational Act, plus costs and attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against each and every Defendant.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiffs;

- for an award of actual damages;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiffs;

- for such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF THE MICHIGAN
## OCCUPATIONAL CODE MCL § 339.901 et. seq.

- for an award of the great of not less than five times actual damages or statutory damages for the willful acts of Defendant pursuant to MCL § 339.916(2) against Defendants and for Plaintiff;

6

- for a finding that each and every Defendant committed willful violations of MCL § 339.916(2);

- for an award of costs of litigation and reasonable attorney's fees pursuant to MCL § 339.916(2) against each and every Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

                                              Respectfully submitted,

Dated: March 15, 2017                 */s/ Andrew L. Campbell*
                                              Andrew L. Campbell
                                              1000 Beach St, Suite B
                                              Flint, MI 48502
                                              (810) 232-4344
                                              hundy24@yahoo.com
                                              P64391

                                              Attorney for Plaintiff